<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SAAD M. MITCHELL SR.,

    Plaintiff,

    v.

NATALIE SHARPE,

    Defendant.

No. 25cv445 (EP) (LDW)

**OPINION**

**PADIN, District Judge.**

This matter comes before the Court *sua sponte* for screening of the Amended Complaint, D.E. 7 ("Amended Complaint" or "Am. Compl."), pursuant to 28 U.S.C. § 1915(e)(2)(B). For the following reasons, the Court will **DISMISS** the Amended Complaint *without prejudice* and allow *pro se* Plaintiff Saad M. Mitchell Sr. another opportunity to file a second amended complaint within **45 days** to cure the deficiencies identified herein.

**I.    BACKGROUND**

Plaintiff filed a complaint alleging that someone working in the maintenance department of former defendant Newark Housing Authority opened the door of his house and allowed police inside without a warrant and, presumably, without Plaintiff's consent. D.E. 1 ("Complaint") at 2-3. Plaintiff also sought to proceed *in forma pauperis* ("IFP"). D.E. 1-2 ("IFP Application").

The Court granted Plaintiff's IFP Application and screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). D.E. 4 ("Opinion"). Although the Complaint was unclear as to the claim being asserted, the Court construed the Complaint as attempting to assert a claim against Newark Housing Authority for violating Plaintiff's right to be free from unreasonable search under the Fourth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983. *Id.* at 3. The

Court explained that the Newark Housing Authority as a municipal corporation "cannot be liable under Section 1983 based merely on the actions of its employees—it must *itself* cause the constitutional violation at issue." *Id.* at 4 (emphasis in original). The Court further explained that "[i]t is only when the execution of the government's policy or custom . . . inflicts the injury that the [municipal corporation] may be held liable under § 1983." *Id.* (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989)).

The Court noted that, on February 5, 2025, while the Complaint was pending screening, Plaintiff filed a document indicating that he would like to add "Natalie Sharpe" as a defendant and informed Plaintiff that he would need to amend his complaint to do so. *Id.* The Court wrote that "Plaintiff must include the full name of each defendant in his amended complaint and *explain their involvement in the allegations.*" *Id.* at 5 (emphasis added). The Court granted Plaintiff 45 days to do so. *Id.*

On March 26, 2025, Plaintiff filed an Amended Complaint replacing Newark Housing Authority with Natalie Sharpe Defendant. Am. Compl. at 1. Plaintiff alleges that he and his ex-girlfriend got into an argument in his house, the police were called, and the "maintenance team" opened the door for the police without a warrant. *Id.* at 2. The Amended Complaint does not specify who Natalie Sharpe is or what her role in the alleged events was. *Id.* Plaintiff claims the alleged events resulted in him having "emotional stress," "depression," and "anxiety," where he "can't sleep" and must "take medications." *Id.* at 4. Plaintiff requests monetary damages as compensation. *Id.*

II. **LEGAL STANDARD**

Under 28 U.S.C. § 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989).

When granting leave to proceed IFP, courts must examine whether the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).[1] A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

Complaints may also be dismissed where they fail to state a claim, a standard identical to the one utilized for motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under section 1915(e)(2)(B)). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted).

---

[1] The Court's preliminary review pursuant to 28 U.S.C. § 1915 does not determine whether the allegations in the Amended Complaint would survive a properly supported motion to dismiss filed by Defendant after service. *See Richardson v. Cascade Skating Rink*, No. 19-8935, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020) ("[T]his Court recognizes [a] § 1915(e) screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final judgment.") (internal quotation marks omitted).

A *pro se* plaintiff's complaint must be liberally construed. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Additionally, when construing a *pro se* plaintiff's complaint, the court will "apply the relevant legal principle even when the complaint has failed to name it." *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, *pro se* litigants "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.*

### III. ANALYSIS

As it did with the original Complaint, the Court construes the Amended Complaint as attempting to assert a claim against Newark Housing Authority for violating Plaintiff's right to be free from unreasonable search under the Fourth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983. However, the Amended Complaint still fails to state a claim and the Court will therefore **DISMISS** it ***without prejudice***.

Plaintiff's Amended Complaint is largely consistent with his original Complaint. However, in the Amended Complaint, he (a) clarifies that the reason the police came to his house was because he was having an argument with his girlfriend and (b) replaces the previous defendant, Newark Housing Authority, with a new defendant, Natalie Sharpe. Am. Compl.

Despite the Court's previous instruction to explain the individual Defendant's involvement in the allegations, Opinion at 5, the Amended Complaint does not explain who Natalie Sharpe is or what her involvement in the alleged events are. For example, it is not clear if Natalie Sharpe was a police officer who entered Plaintiff's apartment, a member of the maintenance team who opened the door, Plaintiff's girlfriend with whom he was arguing, or someone with some other unspecified involvement. This defect is fatal to the survival of Plaintiff's Section 1983 claim as pled in the Amended Complaint. *See Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) ("[A] plaintiff must demonstrate a defendant's 'personal involvement in the

4

alleged wrongs.'") (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). Because Plaintiff does not describe Natalie Sharpe's personal involvement in the alleged wrongs, Plaintiff's Amended Complaint fails to state a claim.

## IV. CONCLUSION

For the foregoing reasons, the Court will **DISMISS** the Amended Complaint ***without prejudice*** pursuant to § 1915(e)(2)(B). Plaintiff may file a proposed second amended complaint within **45 days** of the Order accompanying this Opinion that cures the deficiencies identified herein—namely to explain who Natalie Sharpe is and her involvement with the alleged wrongs.

Dated: May 21, 2025

*[signature]*

Evelyn Padin, U.S.D.J.

5